[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12917
Non-Argument Calendar

_____

D. C. Docket No. 06-22489-CV-JAL


MARKEL AMERICAN INSURANCE COMPANY,

Plaintiff-Counter-
Defendant-Appellee,

versus

MARCELL NORDARSE,

Defendant-Counter-
Claimant-Third Party
Plaintiff-Appellant,

TOTAL DOLLAR MANAGEMENT EFFORT, LTD.,

Third Party-Defendant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 22, 2008)**

Before HULL, PRYOR and HILL, Circuit Judges.

PER CURIAM:

In April 2006, appellant Marcell Nordarse applied for marine insurance from appellee Markel American Insurance Company (Markel), attesting that the purchase price and current value of the vessel to be insured was $180,000.[1] Based on Nordarse's assertions made on the application, Markel issued an insurance policy for Nordarse's vessel, with coverage beginning May 4, 2006.

On July 30, 2006, the vessel was stolen.[2] Nordarse filed a claim for loss with Markel.

Actually, the purchase price of the vessel was, at most, $126,000. A bill of sale produced during discovery indicated that the purchase price of the vessel was $107,000.[3]

During the adjustment process, Markel learned of the four alleged misrepresentations in the application, voided the policy *ab initio* and refunded all premiums. It then filed a petition for declaratory judgment and moved for

---

[1] Unknown to Markel, the application Nordarse submitted also contained three additional alleged misrepresentations as to: (1) the speed of the vessel; (2) the horsepower of the vessel; and, (3) Nordarse's prior ownership of other vessels.

[2] Although the vessel was subsequently recovered, it had been stripped of its engines, its outdrive, gages and controls.

[3] Nordarse contends that on May 11, 2006, he made two payments, one for $107,000, and one for $19,000, totaling $126,000. No proof of payment or receipt was ever supplied to Markel.

summary judgment.

The district court granted summary judgment in favor of Markel. Nordarse appeals. There being no substantial disputes as to the facts or the law, we conclude the case without oral argument and affirm.

In granting summary judgment to Markel, the district court relied on the marine insurance doctrine of *uberrimae fidei* as the controlling law of this circuit. *See HIH Marine Servs. v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000) (an insured must fully and voluntarily disclose to the insurer all material facts necessary in calculating the scope of the insurance risk assumed). A material misrepresentation on the marine insurance application is grounds for voiding the policy. *Id*. at 1363.

The material facts are not in dispute. Nordarse represented the purchase price of the vessel on Markel's marine insurance application to be $180,000. However, as Nordarse conceded during his deposition, he paid, at most, $126,000 for the vessel.[4] Without citing authority of any kind, Nordarse merely argues that these facts are not material. On the other hand, Markel argues that other circuits have held that a vessel's purchase price is unquestionably a fact material to the marine insurance risk to be assumed. *See, e.g., Certain Underwriters at Lloyd's v.*

---

[4] Markel attached the bill of sale received during discovery which indicates that Nordarse paid $107,000 for the vessel.

*Montford*, 52 F.3d 219, 222 (9th Cir. 1995).

The district court found that undisputed evidence indicated that the purchase price of the vessel was a material factor in Markel's underwriting decision to accept the risk of insuring the vessel. As Markel did not have an actual bill of sale at the time it made its decision, it relied on Nordarse's written representation on the application, that the purchase price and current value of the vessel was $180,000. The district court concluded that Markel was entitled to void the policy *ab initio*. *See, e.g., HIH Marine Servs*, 211 F.3d at 1364.[5]

We agree. The judgment of the district court is

AFFIRMED.

---

[5] The district court found that only one misrepresentation is necessary under the good faith doctrine of *uberrimae fidei* to void the policy, and that therefore it need not consider the other three alleged misrepresentations. *See Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.*, 795 F.2d 940, 942 (11th Cir. 1986). We agree.